IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,     )
                              )
              Plaintiff,      )      8:10CR247
                              )
      v.                      )
                              )
DERELL SMITH,                 )      ORDER
                              )
              Defendant.      )
_____)
```

This matter is before the Court on the motion of defendant Derell C. Smith ("Smith") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 34).  The Court finds his motion should be granted.

On August 3, 2010, the Fair Sentencing Act of 2010 (the "FSA") increased the qualifying amount of cocaine base associated with mandatory minimum sentences.  Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010).  Section 2D1.1 of the Guidelines incorporated the new statutory minimums by increasing the threshold amounts of cocaine base for most base offense levels.  Though the newer set of Guidelines were in effect at the time of Smith's sentencing in January of 2011, he was sentenced according to the mandatory minimums that were in effect at the time he committed his offenses (from November 2009 to June 2010).

The Supreme Court recently resolved a split among the circuits as to the retroactive application of the FSA.  *Dorsey v. United States*, 132 S. Ct. 2321 (2012).  The Court's ruling was

clear: "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." *Id.* at 2335. Thus, despite the fact that Smith's offenses occurred prior to the FSA's August 2010 effective date, he is entitled to sentencing according to the FSA's lower mandatory minimums because his *sentencing* occurred in January of 2011, after the FSA took effect.

Smith was sentenced based on responsibility for 17.2 grams of crack cocaine, which does not indicate a mandatory minimum under the FSA. That amount corresponds to a base offense level of 22. A three-level reduction for Smith's acceptance of responsibility results in a total offense level of 19. Smith's criminal history category is II. The resulting Guideline sentencing range is 33 to 41 months. The Court finds that thirty-three (33) months is an appropriate sentence. Accordingly,

IT IS ORDERED:

1) Defendant's motion for a correction of his sentence is granted. Defendant's sentence is reduced to thirty-three (33) months imprisonment.

2) Defendant shall receive credit for all time served to date.

3)   The conditions of supervised release entered in the original judgment and committal order (Filing No. 28) remain in full force and effect.

DATED this 5th day of September, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court